IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   14-cv-2496-WYD-KMT

ROCKY MOUNTAIN WILD, INC., a Colorado non-profit corporation,

    Plaintiff,

v.

UNITED STATES FOREST SERVICE, a federal agency;
UNITED STATES DEPARTMENT OF AGRICULTURE, a federal agency,

    Defendants.

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

I.    INTRODUCTION AND BACKGROUND

    This case arises out of a request by the Plaintiff on February 27, 2014, to Defendant United States Forest Service ("Forest Service") for certain agency records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, pertaining to the development and construction of the Village at Wolf Creek Access Project ("Wolf Creek Project") in the Rio Grande National Forest ("RGNF") of Colorado, a project undertaken by RGNF under the National Environmental Policy Act ("NEPA").

    In order to comply with NEPA, the RGNF was required to draft an Environmental Impact Statement ("EIS") and a Record of Decision ("ROD"), whose legal sufficiency was evaluated by the Office of General Counsel ("OGC") of the U.S. Department of Agriculture. In 2010, RGNF entered into an agreement with Leavell-McCombs Joint

1

Venture ("LMJV") for a land exchange to provide year-round access to this land.[1]   The Forest Service used a third-party contractor, Western Ecological Resource, Inc. ("WER"), to prepare drafts of the EIS and ROD.  Copies were distributed for public comment in August 2012.  The final EIS and ROD were published on November 20, 2014.

On February 27, 2014, Plaintiff submitted a written request to the Forest Service's FOIA Officer.  The relevant portion of the FOIA request read as follows:

> Under the Freedom of Information Act, 5 U.S.C. § 552, Rocky Mountain Wild, San Juan Citizens Alliance and San Luis Valley Ecosystem Council request copies of all communications and records of communications between the Forest Service and outside entities relating to the Village at Wolf Creek Access Project, including but not limited to, communications related to the preparation of the Environmental Impact Statement (EIS), Endangered Species Act consultation, Army Corps of Engineers reviews, and other federal, state, and local government reviews and approvals.
>
> In particular this request seeks all agency records created or obtained by the Forest Service concerning the Village at Wolf Creek Access Project after January 1, 2008 that involves communications between:
>
> - The Forest Service and other federal, state or local agencies;
> - The Forest Service and the Leavell/McCombs joint partnership and their associates;
> - The Forest Service and Tetra Tech or other third-party contractor or similar entities engaged in preparing the EIS or portions thereof;
> - The Forest Service and any members of the public;
> - The Forest Service and any other external entity.
>
> The reference to any entity includes any and all employees, contractors, partners, subsidiaries, parent corporations, board members, officers, managers, attorneys, agents, and any other person acting on the entity's behalf. Responsive records are likely maintained in various levels of the Forest Service' organizational structure, including the Ranger Districts, Supervisor's Office, State and Regional Offices, General Counsel's Offices, and Washington D.C. Offices. When responding, please

---

[1] A previous project between RGNF and LMJV began in 2004, but was discontinued when one of the judges of this Court issued an injunction preventing any access or development in the building of a road to the property.  *See Colo. Wild, Inc. v. United States Forest Service*, 523 F. Supp. 2d 1213.

>  designate one point of agency contact so this FOIA can be fulfilled in a timely manner.

Pl.'s FOIA Request (ECF. No. 15, Ex. 3).

The Forest Service issued a partial response to the FOIA request on April 9, 2014, comprised of 6,684 pages of information, and a notice that thirteen documents had been forwarded to the Rocky Mountain Regional Office ("RMRO") for review. On April 28, 2014, the Forest Service provided a second release of information, including 287 pages within 121 documents, 58 of which were released in full, and 63 in part. Of the thirteen documents referred to RMRO, seven were released to Plaintiff in full, and six in part. RMRO also found 163 documents as a result of its own search. Fifty of those documents were not released on the basis that they were determined to be either nonresponsive or duplicative of documents already released; five documents, comprising 1,684 pages, were withheld in full; 57 were released to Plaintiff in part, and 51 were released in full. The Forest Service and the RMRO claimed to have withheld entire documents or portions therein pursuant to exemptions 4, 5, and 6 under 5 U.S.C. § 552(b). The April 28, 2014 release constituted an adverse determination, and Plaintiff was advised it could file an administrative appeal.

Plaintiffs filed an administrative appeal on June 12, 2014. The Forest Service conducted another search for responsive documents in September 2014. On December 1, 2014, the Forest Service issued its response to Plaintiff's appeal, in which it reversed the withholdings under exemption 4, and included fifteen additional pages of responsive documents not previously disclosed.

Plaintiff filed this action on September 9, 2014, alleging that Defendants failed to provide all of the responsive documents as requested in the original FOIA request, and failed to respond to the appeal in the statutory timeframe.

Defendants filed a motion for summary judgment on February 6, 2015 (ECF No. 15), and Plaintiff subsequently filed a cross motion for partial summary judgment (ECF No. 19) on March 12, 2015. Defendants continue to assert that withholding documents under exemptions 5 and 6 is appropriate. Defendants also filed a motion to strike evidence that was included in Plaintiff's response to Defendants' motion for summary judgment (ECF No. 20), namely exhibits 1 and 8. For the reasons stated below, I grant Plaintiff's motion in part, and deny in part, and I deny Defendants' motion to the extent further evaluation of withheld documents is necessary in order to determine whether exemption 5 under FOIA has been properly applied.

## II. STANDARD OF REVIEW

FOIA actions are typically decided on motions for summary judgment. *See Anderson v. Health & Human Servs.*, 907 F.2d 936, 942 (10th Cir. 1990); *Info. Network for Responsible Mining ("INFORM") v. Bureau of Land Mgmt.*, 611 F. Supp. 2d 1178, 1182 (D. Colo. 2009); *Pagosans for Public Lands v. U.S. Forest Serv.*, 2007 WL 5061698, *1 (D. Colo. Aug. 22, 2007). A FOIA defendant may prevail on a motion for summary judgment if it proves that the documents within the FOIA request have been produced or fall within a statutory exemption. *Pub. Emps. for Envtl. Responsibility ("PEER") v. United States Envtl. Prot. Agency*, 978 F. Supp. 955, 959 (D. Colo. 1997).

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Emp't Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Where, as here, the parties file cross-motions for summary judgment, I am "entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.,* 132 F.3d 1316, 1319 (10th Cir. 1997). A material fact is one that might affect the outcome of the dispute under the applicable law. *Ulissey v. Shvartsman,* 61 F.3d 805, 808 (10th Cir. 1995). In reviewing the parties' cross-motions, I must construe all inferences in favor of the party against whom the motion under consideration is made. *Pirkheim v. First Unum Life Ins. Co.,* 229 F.3d 1008, 1010 (10th Cir. 2000).

III.     DISCUSSION

FOIA provides the public with a broad right of access to federal agency records subject to nine specific exemptions. 5 U.S.C. § 552; *Anderson*, 907 F.2d at 941. The purpose of the Act "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Id.* (citing *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S.

214, 242 (1978)). Consistent with this purpose, the courts uniformly hold that FOIA is to be construed broadly in favor of disclosure, and that its exceptions are to be narrowly construed. *See id.; Trentadue v. Integrity Comm.,* 501 F.3d 1215, 1226 (10th Cir. 2007).

A. Adequacy of the Agency's Response

Defendant Forest Service, as the federal agency resisting disclosure in response to a FOIA request, bears the burden of justifying nondisclosure. *Trentadue,* 501 F.3d at 1226. It also bears the burden of demonstrating that it conducted a "reasonable search" for the requested agency records. *Patterson v. Internal Revenue Serv.,* 56 F.3d 832, 840 (7th Cir. 1995). Reasonableness does not require defendant to search every record system or to demonstrate that no other potentially responsive documents might exist, but it must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). I must determine *de novo* whether the agency's search was reasonable and whether its decision not to disclose requested materials was proper under the statute. *See United States Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 755 (1989); *Anderson,* 907 F.2d at 941.

The Forest Service in this case had an obligation to construe the language of the Plaintiff's FOIA request liberally, and to refer the request to another office if it was reasonable that it would possess or control responsive records. *See Friends of Blackwater v. United States Dep't of Interior*, 391 F. Supp. 2d 115, 122 (D.D.C. 2005). Upon receipt of the FOIA request by the Forest Service, a search was conducted in the offices of the Divide Ranger District on the RGNF, and in the RGNF supervisor's office.

Def.'s Mot. for Summary Judgment (ECF. No. 15), Ex. 1, p. 4.  Upon receipt of the notice of Plaintiff's administrative appeal, another search of the RGNF supervisor's office was conducted, revealing additional documents not previously disclosed.  *Id.* Although the two searches performed by the Forest Service resulted in the disclosure, either in part or in full, of thousands of pages of information, limiting the search to these offices could not be expected to result in a reasonable search of requested documents under the actual FOIA request.  In this case, the Forest Service failed to conduct a reasonable search for the information requested by Plaintiff in the FOIA request, including a failure to include the suggested entities in the search that would likely have responsive records.

For example, in Plaintiff's FOIA request, Plaintiff specifically requests "copies of all communications and records of communications" between the Forest Service and "other federal, state or local agencies . . . and any other external entity," noting that "[r]esponsive records are likely maintained in various levels of the Forest Service'[s] organizational structure, including [its] . . . Washington D.C. Offices."  *Id.* at 1 ("FOIA request").  The Forest Service stated that the Washington D.C. office "had minimal involvement" with the Wolf Creek Project, but it did not participate in the search effort. Def.'s Consolidated Response and Reply to the Parties' Motions for Summary Judgment (ECF. No. 28), Ex. 1, ¶ 5 ("Dallas Decl.").  The Forest Service also noted that even though one employee, Steve Rinella ("Rinella"), who was involved with the Wolf Creek Project in Colorado was subsequently transferred to the Washington D.C. office, he was not asked to participate in the search efforts.  *Id.* at Ex. 2, ¶ 7 ("Gallegos Decl."). The Forest Service fails to indicate how responsive records that would have been in the

possession of former employees, such as this one, was accounted for in its search efforts. Courts "evaluate the reasonableness of an agency's search based on what the agency knew at its conclusion rather than what the agency speculated at its inception." *Blackwater*, 391 F. Supp. 2d at 121 (citation omitted). It is likely that if Rinella or the Washington D.C. office had participated in the search, responsive documents would have been located.

Additionally, in Plaintiff's FOIA request, it defined "other external entity" as including "any and all employees . . . managers . . . agents, and any other person acting on the entity's behalf." FOIA request, p. 1. Defendants identified seven employees "who had direct involvement" with the Wolf Creek Project, or "in-depth NEPA experience." Def.'s Mot. for Summary Judgment (ECF No. 15), Ex. 2, ¶ 8 ("Blackwolf Decl."). However, other employees determined to be "peripherally involved" were not asked to participate in the search for responsive records. Def.'s Consolidated Response and Reply to the Parties' Motions for Summary Judgment (ECF No. 28), p. 10. Although several Regional Office employees were involved in the Wolf Creek Project, the Forest Service contends that all relevant communications would have gone through one person, David E. Loomis, and only he was asked to search for responsive records regarding the environmental analyses for the Wolf Creek Project. Gallegos Decl., ¶ 3. Regional Office employees Debra Ryan and Julie Schaefers were involved in the Wolf Creek Project, but were not asked to participate in the search for responsive records. *Id.* at ¶ 4. Two former employees were identified by the Plaintiff as potentially having responsive records – Tom Malecek and Cambria Armstrong. The Forest Service contends that Malecek was a "central point of contact for the Wolf Creek Project" prior

to his departure from the position, and that for that reason, he was asked whether he had any potentially responsive documents, to which he replied that he did not. Dallas Decl., ¶ 7. Armstrong was not contacted about any potential documents since the Forest Service determined it to be "unlikely" that she had any. *Id.* However, the Forest Service later noted that several responsive documents that should have been disclosed, but were not disclosed were those that "involved Tom Malecek and Cambria Armstrong." Def.'s Consolidated Response and Reply to the Parties' Motions for Summary Judgment (ECF. No. 28), Ex. 3, ¶ 11 ("Blackwolf Supp. Decl."). "If an agency has reason to know that certain places might well contain responsive documents, it is obligated under FOIA to search [those places] barring an undue burden." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999); *see Juda v. United States Customs Serv.*, 2000 WL 1093326, at \*\*1-2 (D.C. Cir. June 19, 2000) (reversing grant of summary judgment where agency "fail[ed] to pursue clear leads to other existing records"). The Forest Service has not asserted any such undue burden, nor did it make the proper effort to determine whether personnel in its various offices participated in the agency's decision making regarding the Wolf Creek Project, or whether they may have had responsive records in their control or possession. *See Blackwater*, 391 F. Supp. 2d at 121-22 (agency required to refer request to another office if office is reasonably likely to contain responsive records). Therefore, I find that the Forest Service did not perform a reasonable search in relation to the information requested by the Plaintiff, which was reasonably expected to produce such information.

B. Sufficiency of *Vaughn* Index and Declarations

To substantiate its decision to withhold the allegedly exempt documents, Defendants have submitted a *Vaughn* index, as well as the declarations of its agents. Courts use a *Vaughn* index to aid review in FOIA cases. This is "a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson*, 907 F.2d at 940 n.3 (citing *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973)). Whether a FOIA exemption justifies withholding an agency record is a question of law. *Trentadue*, 501 F.3d at 1226. To decide this question, I must "determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts." *Anderson*, 907 F.2d at 941. I must also ensure that I have an adequate factual basis on which to base my decision. *See id.* at 942.

A *Vaughn* index must be adequately detailed to permit the court to determine whether a sufficient factual basis exists to support the agency's refusal to disclose the information at issue. *Id.* If the government agency's *Vaughn* index and agent declarations are reasonably clear, specific, and detailed, the court normally affords agency determinations substantial weight. *See Gardels v. Cent. Intelligence Agency,* 689 F.2d 1100, 1104–05 (D.C. Cir. 1982); *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.,* 608 F.2d 1381, 1387 (D.C.Cir.1979). An agency may not, however, rely on documents which provide insufficient detail, lack specificity, and offer only conclusory statements. *See Anderson,* 907 F.2d at 942; *see also PHE, Inc. v. Dep't of Justice,* 983 F.2d 248, 250 (D.C.Cir.1993) ("[A]n affidavit that contains merely a 'categorical

10

description of redacted materials coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate.'") (citing *King v. United States,* 830 F.2d 210, 217 (D.C. Cir. 1987)); *Hayden,* 608 F.2d at 1387 ("The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping."). Confronted with inadequate *Vaughn* material, a court may engage in various review options, including an *in camera* review of the withheld documents to determine what must be disclosed and what the agency has properly withheld. *Anderson*, 907 F.2d at 942. In this case, Defendants have invoked FOIA exemptions 5 and 6 to justify withholding significant portions of the documents that they identified as responsive to Plaintiff's FOIA request.

    1. Exemption 5

Under exemption 5, an agency is not required to divulge "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). To comply with this exemption, a document must have its source in a government agency and "fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Assoc.,* 532 U.S. 1, 8 (2001). At issue in this case are the attorney-client and deliberative process privileges, which both fall under exemption 5.

    a. Attorney/Client Privilege

The Forest Service submitted a *Vaughn* index which indicates that ten out of the twelve documents listed, which were withheld in full or in part, were withheld subject to both the attorney/client privilege and the deliberative process privilege. *See* Def.'s Mot.

for Summary Judgment (ECF No. 15), Ex. 9. Documents 1 through 5 have been withheld in full, and comprise a total of 1,684 pages. *Id.* The justification for withholding these documents under the attorney/client privilege is listed by the Defendants as "legal sufficiency review," including notes and comments from the Forest Service or third-party contractors for the attorney's consideration, and comments and edits made by the attorney for the Forest Service's consideration. *Id.* This broad justification is not sufficiently clear, specific, or detailed to permit a court to determine whether a sufficient factual basis exists to support the agency's refusal to disclose the information.

Defendants' agent declarations do not offer much assistance in this evaluation. Defendants submitted declarations from four individuals: Harald Fuller-Bennett, FOIA Analyst for the Forest Service; Guy E. Blackwolf, Environmental Coordinator at the Rio Grande National Forest; Dan Dallas, Forest Supervisor for the Rio Grande National Forest; and Marge Gallegos, Paralegal for the Forest Service's Rocky Mountain Regional Office.[2]

In explaining the application of exemption 5 for the attorney/client privilege, Bennett explains that "the Forest Service sought legal advice from United States Department of Agriculture, Office of the General Counsel (OGC), about the Village at Wolf Creek Access Project," and that the OGC was asked "to conduct legal sufficiency

---

[2] Declarations for Bennett and Blackwolf were submitted with the Defendants' motion for summary judgment. Declarations for Dallas and Gallegos, along with a supplement to Blackwolf's declaration, were submitted with Defendants' response to Plaintiff's motion for summary judgment (which was consolidated with Defendants' reply to Plaintiff's response to Defendants' motion for summary judgment). Plaintiff contends that the declarations submitted with the response should be stricken by the court as improperly introduced with Defendants' reply. However, Defendants relied upon these exhibits for their response. The parties agreed that the Defendants would submit a consolidated response and reply at the December 22, 2014 Scheduling Conference before Magistrate Judge Kathleen M. Tafoya. *See* ECF No. 15, Ex. 10, p. 34, lines 23-25; p. 35, lines 1-13; p. 36, lines 17-18. Since such affidavits or declarations are allowed to support or oppose a motion for summary judgment, *see* Fed. R. Civ. P. 56(c)(4), I will consider the information in these declarations.

reviews" on drafts of the final EIS and ROD. Def.'s Mot. for Summary Judgment (ECF No. 15), Ex. 1, ¶ 32-33 ("Bennett Decl."). The Forest Service contends that the withheld records contained "confidential factual and legal information," and that the U.S. Department of Agriculture Senior Counsel, Kenneth Capps, provided "legal and policy advice." This justification does not offer sufficient detail as to the contents of the documents and why the attorney/client privilege should be applied in such a broad manner.

Accordingly, I find that the *Vaughn* index and agent declarations fail to provide sufficient detail regarding the application of exemption 5 to documents 1 through 5 on the *Vaughn* index. The conclusory statements which do nothing more than recite the legal standard fail to demonstrate a logical basis for the Forest Service's claim that disclosure of these documents would interfere with the attorney/client relationship. Justification offered to support withholding under the attorney/client privilege for documents 6 through 10 is minimal, but sufficient to show the content of the email exchanges and the reasons for withholding information under this privilege. Thus, I find that the attorney/client privilege was appropriately applied for documents 6 through 10 on the *Vaughn* index.

    b. Deliberative Process Privilege

The deliberative process privilege under FOIA exemption 5 excuses disclosure of documents that reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Klamath*, 532 U.S. at 8. Only documents that are both predecisional and deliberative fall within the scope of this privilege. *Trentadue*, 501 F.3d at 1227. This

privilege does not extend to factual information contained in an otherwise deliberative agency document unless disclosure of this information "would so expose the deliberative process within an agency that it must be deemed exempted.'" *See INFORM*, 611 F. Supp. 2d at 1186 (citing *Trentadue*, 501 F.3d at 1228). Consistent with FOIA's general policy of broad disclosure, the Tenth Circuit has emphasized that the deliberative process privilege "is to be construed as narrowly as [is] consistent with efficient Government operations." *INFORM*, 611 F. Supp. 2d at 1186 (citing *Trentadue*, 501 F.3d at 1227). Further, the Tenth Circuit has determined that the district court has the duty to determine whether any factual materials can be segregated from deliberative materials and disclosed as required by FOIA. *Trentadue*, 50 F. 3d at 1230-31.

Here, the Forest Service has indicated that many of the redacted documents are draft agency documents, with internal draft comments on them, which are, by definition, predecisional. *See INFORM*, 611 F. Supp. 2d at 1187; *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 188 (1975). Specifically, these documents include documents 6 through 12 on the *Vaughn* index. I agree that the pages in documents 1 through 5 on the *Vaughn* index that pertain to the agency's draft EIS and ROD are predecisional documents within the meaning of the deliberative process privilege and are therefore exempt under exemption 5.

However, the Forest Service has not met its burden to demonstrate that the information it redacted from these documents is deliberative. The Forest Service has withheld in full 1,684 pages for documents 1 through 5 on the *Vaughn* index, and has redacted 158 pages of responsive records in documents 6 through 12. *See* Def.'s Mot. for Summary Judgment (ECF No. 15), Ex. 9. The Forest Service's justification for this

14

withholding under the deliberative privilege exemption is as follows on each document: "These emails contain frank exchanges of ideas and advice between employees. Disclosure of these comments and thoughts would impede the candid and full exchange of ideas within the agency, but all reasonably segregable factual material has been released." *Id.* This justification is insufficient repetition of the legal standard, and does not provide the court with enough information to determine whether there exists segregable factual information. The Bennett declaration offers little to bolster the Defendants' argument that this information is truly deliberative. Bennett states that these records are deliberative because "disclosure would inhibit the drafters of the documents from freely exchanging ideas, language choice, and comments in drafting documents." Again, this merely recites part of the legal standard for the privilege under exemption 5, and is insufficient as stated to warrant withholding all or parts of responsive documents.

However, in the *Vaughn* index, for documents 9, 11, and 12, the Forest Service adds this language to its justification for withholding: "The 'Comments on [Administrative Draft of the Final Environmental Impact Statement]' document has been reviewed internally within the [Forest Service] and contains comments from reviewing officials. If one compares the draft version with the final version, he will be able to discern which ideas were accepted and which were rejected by the [Forest Service]." This additional justification is sufficient to meet Defendants' burden to demonstrate that the documents were deliberative in nature. As such, the pages of documents 9, 11, and 12 of the *Vaughn* index that pertain solely to comments made on the Administrative

15

Draft of the Final Environmental Impact Statement are properly withheld under exemption 5 as both predecisional and deliberative.

The Forest Service's exemption explanations in its *Vaughn* index and its agent declarations provide me with an inadequate basis to make a full determination regarding documents that have been withheld under exemption 5. While the required *Trentadue* review process may not require a separate justification for each redacted record, it does require a certain level of specificity and detail regarding the redactions. Therefore, for documents 1 through 5 on the *Vaughn* index, Defendants shall submit to me a revised *Vaughn* index with sufficient explanation of any withheld pages as to segregable factual information and sufficient justification for both the attorney/client privilege and the deliberative privilege under exemption 5 of FOIA. For documents 6, 7, 8, and 10 on the *Vaughn* index, Defendants shall submit to me a revised *Vaughn* index with sufficient explanation as to why these documents should be withheld as deliberative in nature under exemption 5 of FOIA.

    2. Exemption 6

Under exemption 6, the agency may withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "Similar files" has been interpreted broadly and "encompasses all information that applies to a particular individual." *Forest Guardians v. United States F.E.M.A.*, 410 F.3d 1214, 1217 (10th Cir. 2005). For exemption 6, Plaintiff has not asserted any argument or authority against withholding the minimal information that Defendants have withheld under exemption 6. As such, I will not require disclosure of the redacted identifiers.

C. Defendants' Motion to Strike Evidence

On March 25, 2015, Defendants filed a Motion to Strike Evidence in Plaintiff's Response to Defendant['s] Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment (ECF No. 20) ("Mot. to Strike"). This motion contests evidence that Plaintiff submitted as part of its response to Defendants' motion for summary judgment (ECF No. 18) and its own cross motion for summary judgment (ECF No. 19), which incorporated exhibits from the response. Specifically, Defendants object to exhibits 1 and 8. Defendants argue that the evidence in these exhibits was not properly disclosed under Fed. R. Civ. P. 26(a)(1) and (e). *See* Def.'s Mot. to Strike, p. 1. Plaintiff's filed a Rule 26(a)(1) disclosure on December 9, 2014, identifying documents "produced by or submitted to the Forest Service related to Rocky Mountain Wild's FOIA request dated February 27, 2014." *Id.* at 2.

Defendants argue that at the Scheduling Conference on December 10, 2014, they believed that "all responsive documents to the FOIA request at issue had been identified and disclosed." *Id.* at 3. On January 5, 2015, Plaintiff received responsive documents from the U.S. Fish and Wildlife Service as part of a FOIA request sent to that agency. *Id.* Defendants contend that exhibit 1 contains documents "purportedly received by Plaintiff from its FOIA request to FWS," and that "[n]one of these documents were disclosed or identified to Defendants prior to Plaintiff filing the Response." *Id.* Further, Defendants argue that exhibit 8 "is an e-mail exchange of unknown origin that was not disclosed or identified to Defendants prior to Plaintiff filing the Response." *Id.*

Plaintiff argues that exhibit 1 contains "documents produced by the Forest Service, or submitted to the Forest Service from the U.S. Fish and Wildlife Service or

17

other outside entities related to Rocky Mountain Wild's FOIA request dated February 27, 2014." Pl.'s Response to Motion to Strike (ECF No. 24), p. 1. Plaintiff notes that exhibit 8 "was provided to Plaintiff by the Forest Service in its April 9, 2014 interim FOIA response," and that the document was also "published by the Forest Service on its website on January 13, 2015 as Exhibit 14." *Id.* at 2.

I find that the documents included in exhibit 1 fall within the category of documents that Plaintiff described in its December 2014 Rule 26(a)(1) disclosure. Further, I find that the evidence included in exhibit 8 is no longer in dispute, since it was disclosed to the Plaintiff by the Forest Service on April 9, 2014, and was later available on its website.

As such, the Defendants' Motion to Strike is denied.

IV. <u>CONCLUSION</u>

Accordingly, it is

ORDERED That Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED.**

It is FURTHER ORDERED as follows:

1. Plaintiff's Cross Motion for Partial Summary Judgment (ECF No. 19) is **GRANTED** in part, based on my further determination that the Forest Service has violated FOIA by failing to conduct a reasonable search for responsive documents for this FOIA request, and by withholding information without showing that this information was exempt from disclosure under FOIA exemption 5.

2. Plaintiff's motion is **DENIED** to the extent that it seeks immediate disclosure of the portions of the currently identified documents that have been withheld under exemption 5. For the reasons stated above, I do not at this time have an adequate factual basis to determine whether any or all of the redacted information must be disclosed.

3. The Forest Service shall conduct and complete a search by October 30, 2015, for additional documents responsive to Plaintiff's FOIA request of February 27, 2014, pursuant to the standards stated in this decision. The Forest Service shall review any newly identified responsive documents for any applicable exemptions, in accordance with the standards recited in this Order and include them on the revised *Vaughn* index.

4. For documents 1 through 5 on the current *Vaughn* index, Defendants shall submit to the Court a revised *Vaughn* index with sufficient explanation of any withheld pages as to segregable factual information and sufficient justification for both the attorney/client privilege and the deliberative privilege under exemption 5 of FOIA by October 30, 2015.

5. For documents 6, 7, 8, and 10 on the *Vaughn* index, Defendants shall submit to the Court by October 30, 2015, a revised *Vaughn* index with sufficient explanation as to why these documents should be withheld as deliberative in nature under exemption 5 of FOIA. It should be noted that all of the revisions ordered in this section may be included on the same revised *Vaughn* index document. The revised *Vaughn* index shall adhere to the standards stated

herein, and by the Tenth Circuit in *Trentadue* allow me to determine whether segregable factual information in these documents must be disclosed.

6. If I find that the Forest Service's revised *Vaughn* index is inadequate for determination of the applicability of exemption 5, I will review the withheld or redacted documents *in camera*, mindful of my duty under *Trentadue* to order disclosure of all segregable factual information, disclosed without violating the agency's attorney/client privilege, or exposing the agency's deliberative process.

Finally, it is

ORDERED That Defendants' Motion to Strike Evidence in Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment (ECF No. 20) is **DENIED**.

Dated: September 30, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge